# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

STEVEN ALFORD JACOBS, :
:
      Petitioner, :
VS. :
: NO. 5:19-CV-00429-MTT-CHW
GARY LONG, :
:
      Respondent. :
_____ :

## ORDER

Presently pending before the Court is the petition for federal habeas corpus relief filed by *pro se* Petitioner Steven Alford Jacobs, a prisoner most recently confined in the Butts County Detention Center in Jackson, Georgia (ECF No. 1). On November 22, 2019, Petitioner's motion for leave to proceed *in forma pauperis* was denied, and Petitioner was ordered to either pay the $5.00 filing fee or file a renewed motion for leave to proceed *in forma pauperis* explaining his inability to pay. Petitioner was given twenty-one (21) days to comply and warned that failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Petition. *See generally* Order, Nov. 22, 2019, ECF No. 4.

Within the time for compliance, Petitioner sent a letter to the Court explaining that he could pay the five-dollar filing fee and asking how to provide that payment to the Court. Letter 1, Dec. 9, 2019, ECF No. 5. The Clerk's office responded by advising Petitioner to "request payment from the business manager or custodian of the facility in which you are located." *See* Docket Entry at ECF No. 5.

The Court did not receive the filing fee—or any document from Petitioner explaining his inability to pay the fee—within twenty-one days from the date Petitioner was instructed to contact the prison's business manager or custodian to request payment. Accordingly, Petitioner was ordered to respond and show cause why his Petition should not be dismissed for failing to comply with the Court's orders and instructions. Petitioner was again given twenty-one (21) days to respond, and he was warned that the failure to fully and timely comply with the Court's order would result in the dismissal of his Petition. *See generally*, Order, Feb. 5, 2020, ECF No. 6.

The time for compliance has again passed without a response from Petitioner. Petitioner's failure to fully and timely comply with the Court's orders and instructions is grounds for dismissal of his case. *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case). Petitioner's Petition (ECF No. 1) is therefore **DISMISSED without prejudice.**

To the extent that this action can be construed as one that requires a certificate of appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a COA. *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's

underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's repeated failure to comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Thus, to the extent a COA is necessary, Petitioner is **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this 5th day of March, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT